**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 6 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RUSSELL N. WEIBLEY, JR.,

      Petitioner - Appellant,

v.

STEPHEN KAISER, Warden,

      Respondent - Appellee.

No. 02-5063
D.C. No. 00-CV-789-K
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **LUCERO**, and **HARTZ**, Circuit Judges.

---

Pro se petitioner Russell Weibley, an Oklahoma state prisoner, seeks a

certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge

the district court's dismissal of his petition for a writ of habeas corpus as time-

barred under 28 U.S.C. § 2244(d), and to challenge the district court's denial of

his "Motion to Set Aside Order, Amend Findings and to Grant Relief from

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Judgment Entered Herein." We conclude that petitioner has not demonstrated extraordinary circumstances warranting equitable tolling of the period of limitation, and we deny a COA.

Weibley was convicted of First Degree Murder and received a life sentence without the possibility of parole. He appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA") and on July 8, 1998, the OCCA upheld his conviction and sentence. Weibley filed a pro se petition for rehearing that was denied by the OCCA on August 11, 1998. He attempted to file a "Motion to Reconsider" but it was returned to him with an advisement that "the mandate issued on 8-14-98, and it is a final order so I am returning your motion as I can not file anything after the mandate." (R. Doc.15 at Exhibit E.) Weibley did not file a petition for writ of certiorari in the United States Supreme Court.

Weibley filed a petition for a writ of habeas corpus in the OCCA on September 18, 1998, and by order dated October 2, 1998, the OCCA declined jurisdiction over it because he had failed to file his petition in the appropriate state district court. After his request for "case records" and "transcripts of arraignment hearings" was denied by the state district court, Weibley filed a petition for writ of mandamus in the OCCA. On April 27, 1999, the OCCA declined jurisdiction.

Weibley filed an application for post-conviction relief in state court on August 30, 1999, which was denied on February 7, 2000. Over a month later, on March 28, 2000, he appealed to the OCCA, but the OCCA dismissed the appeal as untimely on April 27, 2000. Subsequently, the OCCA granted Weibley's request for a post-conviction appeal out of time, but affirmed the state district court's denial of post-conviction relief on July 31, 2000. Weibley filed his federal habeas application on September 5, 2000.[1] The district court dismissed his § 2254 petition as time-barred and denied his motion to set aside the order.

We may issue a COA only if an applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Meeting this standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). We review the legal conclusions of a district court in a habeas proceeding de novo. Martin v. Kaiser, 907 F.2d 931, 933 (10th Cir. 1990).

---

[1] Weibley's federal habeas application was received by the district court on September 11, 2000, but pursuant to the 'mailbox rule' announced in Houston v. Lack, 487 U.S. 266, 276 (1988), a pro se prisoner's papers are considered filed when given to prison authorities for mailing to the appropriate court.

Because Weibley filed his application for a COA pro se, we construe his petition liberally.   Haines v. Kerner , 404 U.S. 519, 520–21 (1972) (per curiam).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), prisoners generally have one year from the date on which their convictions become final to petition for federal habeas corpus relief.  28 U.S.C. § 2244(d)(1).  A conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  § 2244(d)(1)(A).  The one-year period of limitation is tolled or suspended during the pendency of a state application for post-conviction relief    properly filed   during the limitations period. § 2244(d)(2).  Also, the one-year period is subject to equitable tolling in extraordinary circumstances.    Miller v. Marr , 141 F.3d 976, 978 (10th Cir. 1998).

For purposes of § 2244(d)(1)(A), Weibley's conviction became final at the latest on November 10, 1998, ninety days after the OCCA denied his petition for rehearing.   See Locke v. Saffle , 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired); Sup. Ct. R. 13.  [2]  Absent tolling, Weibley's application for habeas

---

[2]  Weibley argues that the three motions he filed between July 1998 and October 1998 tolled the statute and that the relevant starting date for the one- year period is January 2, 1999, which is ninety days after the OCCA refused jurisdiction of his state habeas petition on October 2, 1998.  This argument has no

(continued...)

- 4 -

corpus had to be filed within one year, by November 10, 1999, in order to be timely under AEDPA. Pursuant to § 2244(d)(2), however, the limitations period was tolled between August 30, 1999, when Weibley properly filed his state application for post-conviction relief, and March 8, 2000, thirty days after Weibley could have filed an appeal of the state court's denial of his application. See Gibson v. Klinger , 232 F.3d 799, 804 (10th Cir. 2000) (holding that the statute is tolled for the thirty days during which petitioner could have filed an appeal of the state court's denial of his application for post-conviction relief). Thereupon the limitations period resumed running, but pursuant to § 2244(d)(2) it was again tolled from May 8, 2000, when Weibley filed a request for an appeal out of time, until July 31, 2000, when the OCCA affirmed the denial of his application. Weibley thus had to file his petition by August 11, 2000, to meet the one-year deadline imposed by § 2244. Because he failed to file his federal habeas petition until September 5, 2000, absent equitable tolling his petition was untimely.

---

[2](...continued)
merit, however, because there is nothing to toll before November 10, 1998. As our citation to Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001), above, makes clear, ninety days are tacked on from the date a petitioner can file for a writ of certiorari in the United States Supreme Court, which in this case was August 11, 1998.

In his "Application for COA and Opening Brief," Weibley argues that we should "ignore the procedural bar that has been attached to this case" and remand the case back to the federal district court. (Opening Br. at 2.) Because Weibley is proceeding pro se, we liberally construe his arguments as a claim that the one-year period of limitations should be equitably tolled. See Haines, 404 U.S. at 520–21. Weibley's arguments for equitable tolling boil down to the following: (1) his attorney "jumped ship" on July 8, 1998, after the OCCA upheld his conviction (Opening Br. at 10); (2) he was "continually denied" his legal records and transcripts from December 9, 1999 to August 23, 2000 (id. at 17); (3) he had only limited access to a law library; (4) the OCCA "held control over the case" after he failed to include an affidavit for in forma pauperis status and thus he was ultimately prevented from filing an appeal in time (id. at 24); and (5) he is actually innocent of his crime of conviction.

His first argument—that his attorney "jumped ship"—fails because Weibley merely expresses disenchantment with the fact that his attorney did not represent him during his post-conviction appeals. Weibley's "allegation" is simply not an extraordinary circumstance that might warrant equitable tolling, particularly because there is no federal constitutional right to counsel in collateral proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

Weibley's second argument—that prison officials withheld his legal materials—is better analyzed as an impediment under § 2244(d)(1)(B) (providing that the limitations period commences on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action ." (emphasis added)). Weibley's claim is insufficient because he does not allege specific facts that demonstrate how his alleged denial of these materials impeded his ability to file a federal habeas petition. See also Miller, 141 F.3d at 978 (rejecting § 2244(d)(1)(B) claim of impediment to legal materials because of lack of specificity with regard to alleged lack of access).

His third argument—that he had insufficient library access—must also fail because allegations regarding insufficient library access, standing alone, do not warrant equitable tolling. See id. at 978 (finding that lack of access to case law does not warrant equitable tolling).

Weibley's fourth argument—that the OCCA maintained "control" over his case and delayed his filing of an appeal—fails because we cannot fathom how OCCA's "control" of his post-conviction appeal might be an exceptional circumstance warranting equitable tolling of the limitations period. Pursuant to § 2244(d)(2), a habeas petitioner is statutorily entitled to tolling of the limitations period where he has "properly filed" an application for state post-conviction

relief.  It would be odd indeed if we were to equitably toll the limitations period during the pendency of an <u>improperly</u> filed application—as Weibley asks us to do here with respect to his improperly filed appeal to the OCCA.  We decline Weibley's request in this regard.  Moreover, we note that any delay was due solely to Weibley's own error.  <u>Cf.</u> <u>Gibson</u>, 232 F.3d at 808 ("Equitable tolling would be appropriate, for example . . . when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing . . . .").

Weibley's final argument—that he is actually innocent—fails because he does not make a colorable claim of actual innocence.  Weibley makes only conclusory allegations regarding his innocence and provides no analysis or specific facts to warrant equitable tolling.  <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995) (holding that a petitioner must support his allegations of innocence with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial").

Weibley does not allege circumstances warranting equitable tolling, and we conclude that his federal habeas petition is time-barred.  Because reasonable jurists could not debate whether his petition for habeas relief should have been

resolved in a different manner, his application for a COA is **DENIED** , and this

matter is **DISMISSED** .[3]

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[3] Weibley's "Request for Leave to Supplement the Appeal Brief and Certificate of Appealability" is denied. He alleges that he has been isolated in a segregation cell and was forced to handwrite his argument without the assistance of a law library or legal personnel. However, Weibley does not explain how additional time to supplement his brief would buttress his arguments regarding tolling of the statute of limitations.