**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN LESTER SALAZAR,

     Petitioner - Appellant,

v.

TIM LEMASTER, Warden, New
Mexico State Penitentiary; and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

     Respondents - Appellees.

No. 04-2252
(D.C. No. CIV-03-1010 JH/KBM)
(Dist. N.M.)

**ORDER**

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Petitioner-Appellant John Lester Salazar moves for a Certificate of
Appealability ("COA"), pursuant to 28 U.S.C. § 2253(c), as to his 28 U.S.C.
§ 2254 petition for habeas relief. We DENY the COA because Salazar's § 2254
petition is time-barred and DISMISS Salazar's appeal.

**I.      Salazar's Noncompliance with the AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")
sets a one-year statute of limitations for the filing of federal habeas petitions. 28
U.S.C. § 2244(d)(1). The statute of limitations is subject to certain tolling

provisions.  28 U.S.C. § 2244(d)(2).  To calculate whether the statute of limitations expired before Salazar filed this petition for federal habeas relief, we must examine the history of Salazar's attempts to challenge his New Mexico state court conviction and sentence.

A state court announced Salazar's sentence at a hearing on July 21, 1999. (Aplt. App. at 148.)  Although Salazar had waived the right to appeal his conviction as part of a plea agreement, (Exh. A, Attach. G.), Salazar's attorney did file a "Motion to Reconsider Sentence."  (Exh. A, Attach. I.)  The state court denied the motion, (Exh. A, Attach. I.), and entered an amended final judgment and sentence on August 11, 1999.[1]  (Aplt. App. at 148.)

Salazar's counsel appealed the denial of the motion.  This appeal was finally resolved by a state appellate panel's decision, which was issued on January 21, 2000.  (Aplt. App. at 159.)  A mandate then issued on March 2, 2000.  (Exh. A, Attach X.)

On December 6, 2000, another attorney filed a petition on Salazar's behalf seeking state habeas relief.  (Aplt. App. at 165.)  A state court denied this

---

[1]As the magistrate judge below noted in her July 29, 2004 Proposed Findings and Recommended Disposition, this August 11 judgment clarified, but did not substantively change, the terms of an earlier judgment entered after the July 21 announcement of sentence.  (Aplt. App. at 712.)

petition, and the New Mexico Supreme Court denied Salazar's petition for certiorari on September 7, 2001. (Aplt. App. at 213.)

Salazar then pursued habeas relief in federal court pro se using a petition filed on October 19, 2001. (Aplt. App. at 214.) The district court found that the petition contained both exhausted and unexhausted claims, and gave Salazar the option—prescribed by the Supreme Court in Rose v. Lundy, 455 U.S. 509, 522 (1982)—of proceeding after dropping the unexhausted claims or acquiescing to the dismissal of the mixed petition so that he could return to state court to exhaust those claims. Salazar failed to unequivocally withdraw the unexhausted claims, and the district court dismissed Salazar's petition without prejudice on March 7, 2003. (Aplt. App. at 573.) Salazar filed a motion for reconsideration and a notice of appeal, (Exh. S, T.), and in April 2003 the district court requested that we remand the case so that it could grant the motion, dismiss Salazar's unexhausted claims, and consider Salazar's exhausted claims. (Exh. V.)

However, Salazar had in fact already returned to state court to pursue the unexhausted claims, filing a petition for habeas relief on those claims as of March 27, 2003. (Aplt. App. at 584.) A state court denied that petition on July 28, 2003. (Aplt. App. at 625.) Salazar then filed a petition for certiorari with the New Mexico Supreme Court on August 7, 2003, (Aplt. App. at 638.), which the court denied on August 14, 2003. (Aplt. App. at 637.) Salazar also filed a

motion for reconsideration with the state district court on September 3, 2003, which the court denied on September 17, 2003. (Exh. MM, NN.)

On July 18, 2003, Salazar notified the federal district court that he did not wish to withdraw his unexhausted claims after all. (Aplt. App. at 576.) The federal district court withdrew its request that we remand the action, and we denied Salazar a COA on his first federal habeas petition on January 20, 2004. (Exh. DD.)

Salazar filed a second petition seeking habeas relief in federal district court on August 29, 2003. (Aplt. App. at 659.) This second petition is the subject of the instant case.

For substantially the reasons stated by the magistrate judge in her July 29, 2004 Proposed Findings and Recommended Disposition, we believe that Salazar's second federal habeas petition was untimely filed, and is therefore barred. (Aplt. App. at 712.) As the magistrate judge noted, even taking account of the periods during which the running of the statute of limitations was tolled under § 2244(d)(2), the statute of limitations had expired over a year before Salazar was given the option in February 2003 of returning to state court to exhaust the unexhausted claims set forth in his first federal petition or dropping those claims.[2]

_____

[2]We need not address Salazar's contention that the district court should have simply stayed its consideration of the exhausted claims in Salazar's mixed

(continued...)

Thus, the statute of limitations expired long before Salazar filed his second federal petition in August 2003.

## II.    Equitable Tolling

Salazar argues that any noncompliance with the statute of limitations should be excused in this case because (1) the actions of his attorney and a prison litigation coordinator delayed the filing of his state habeas petition; (2) newly-discovered evidence proves his actual innocence.

As we noted in Gibson v. Klinger, 232 F.3d 799 (10th Cir. 2000):

> AEDPA's one-year statute of limitations is subject to equitable tolling but only "in rare and exceptional circumstances." Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective

---

[2](...continued)
petition in February 2003, giving Salazar the chance to exhaust his other claims in state court and then add those claims to his federal petition. After all, the statute of limitations had already expired, and Salazar would have been barred from amending the federal petition to add more claims after they were exhausted.

Salazar may contend that a magistrate judge gave him "bad advice" in February 2003 by suggesting to him the option of returning to state court to pursue his unexhausted claims. However, the magistrate judge specifically advised Salazar that "the one-year statute of limitation still applied to all of the claims in this petition, including those that have been exhausted." (Exh. J.). Moreover, "'[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure'" and "'the Constitution [does not] require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course.'" Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004) (quoting McKaskle v. Wiggins, 465 U.S. 168, 183-184, (1984)).

pleading during the statutory period. Simple excusable neglect is not sufficient.

Id. at 808 (internal citations omitted).  For substantially the reasons stated by the district court judge in her September 10, 2004 Order, we believe that Salazar's noncompliance with the AEDPA statute of limitations should not be excused in this case.  (Aplt. App. at 756.)  As the district court judge noted, because counsel is not required in post-conviction proceedings, any miscalculation or inaction on the part of counsel or a prison litigation coordinator cannot constitute grounds to toll the statute.  See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Weibley v. Kaiser, 50 Fed. Appx. 399, 403 (10th Cir. 2002).[3]  Moreover, Salazar has failed to proffer new evidence, not present in the trial, that makes it "more likely than not that no reasonable juror" would have convicted him.  Schlup v. Delo, 513 U.S. 298, 327 (1995).

Therefore, we DENY Salazar a COA because his § 2254 petition is time-barred and DISMISS his appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[3]We cite this unpublished order and judgment in accordance with 10th Cir. R. 36.3(B).

- 6 -