FILED
United States Court of Appeals
Tenth Circuit

December 16, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 08-4036 |
| v. | (D.C. No. 2:07-CV-00960-DAK and 2:04-CR-00034-PGC-2) |
| JORGE MARTINEZ, a/k/a Antonio Zamora-Perez, a/k/a Jorge Martinez-Cervantes, | (D. Utah) |
| Defendant - Appellant. | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant Jorge Martinez, a federal prisoner appearing pro se,[1] was

convicted by a jury of possession of methamphetamine with intent to distribute

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a). The case is therefore ordered submitted without oral argument.

[1] Because Mr. Martinez is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

after the district court denied his trial counsel's request for a mistrial. Mr. Martinez seeks a certificate of appealability ("COA") that would allow him to appeal from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence and from the district court's denial of his motion to alter or amend that decision. *See* 28 U.S.C. § 2253(c)(1)(B).

## I. Background

As outlined in our previous opinion, after his arrest Mr. Martinez was interviewed by two government agents, Agent Jeffrey Clark and Agent Craig Hicken. *See United States v. Martinez*, 455 F.3d 1127, 1128 (10th Cir.), *cert. denied*, 549 U.S. 1026 (2006). Afterwards, Agent Hicken prepared a report of what had transpired during the interviews. Mr. Martinez received a copy of this report prior to trial pursuant to Fed. R. Crim. P. 16(a)(1)(A). Agent Clark did not prepare a separate report. *Id.* During his opening statement, the prosecutor told the jury they would hear certain incriminating information about Mr. Martinez; later, Agent Clark testified that Mr. Martinez had admitted several such incriminating points. On cross-examination, however, Agent Clark admitted that none of this incriminating information was in the Rule 16 report that the government had provided to Mr. Martinez. *Id.* at 1128-29.

Counsel for Mr. Martinez did not object to this testimony on the basis of Rule 16 or unfair surprise; nor did he cross-examine Agent Hicken about the information revealed in Agent Clark's testimony. After the close of evidence, however, Mr. Martinez's counsel moved for a mistrial. The trial court denied the motion, ruling that the substance of Agent Clark's testimony had been disclosed

-2-

by Agent Hicken's report, which had been submitted to Mr. Martinez under Rule 16. The trial court further held that a mistrial was inappropriate because Mr. Martinez could have objected as early as the opening statement but chose not to. The jury returned a guilty verdict. *See id.* at 1129.

On direct appeal, this Court affirmed Mr. Martinez's conviction and sentence. Regarding the conviction, we found that it was not an abuse of discretion for the trial court to deny Mr. Martinez's motion for a mistrial due to its untimeliness and the severity of such a sanction. Further, we noted that Mr. Martinez had not "shown any prejudice by the government's delay in disclosing the statements; the record reflects that he was able to cross-examine Agent Clark effectively." *See id.* at 1129-31.

Mr. Martinez then filed a § 2255 motion in the district court alleging that his trial counsel was constitutionally ineffective under *Strickland*[2] for failing to timely object to the government's testimony. The district court denied the motion and dismissed his case. First, the district court determined that because Mr. Martinez's ineffective assistance of counsel claim "ha[d] essentially already been considered and disposed of on direct appeal," Mr. Martinez was precluded from raising it in his collateral motion.[3] R., Vol. I, Dist. Ct. Mem. Decision & Order,

---

[2]     *See Strickland v. Washington*, 466 U.S. 668 (1984).

[3]     Because the nature of the claim is ineffective assistance of counsel, Mr. Martinez would not be barred from raising this claim in his § 2255 motion had he failed to raise it on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

at 1-2 (dated Dec. 21, 2007); *see United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."); *United States v. Warner*, 23 F.3d 287, 289 (10th Cir. 1994) ("[T]he issues Defendant raised in his § 2255 motion had either been decided on direct appeal or should have been raised on direct appeal and were therefore procedurally barred."). Second, the district court determined that his motion was time-barred under the one-year statute of limitations found in 28 U.S.C. § 2255(f).

Mr. Martinez filed an Objection to the district court's order but then filed a notice of appeal, an application for a COA, and a motion to proceed in forma pauperis. In his Objection, Mr. Martinez disputed that the ineffective assistance of counsel issue raised in his § 2255 motion was essentially the same issue already considered and disposed of on direct appeal. Mr. Martinez additionally asserted that the one-year time limitation should be equitably tolled because he had pursued his claim diligently and the failure to file within the one-year limit was due to extraordinary circumstances beyond his control. *See United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008).

This Court construed the Objection as a Fed. R. Civ. P. 59(e) motion to alter or amend the district court's judgment and abated the proceedings on appeal pending its disposition by the district court. The district court likewise construed the Objection as a "motion for reconsideration" but declined to reconsider its previous order. *See* R., Vol. I, Dist. Ct. Order (dated Feb. 29, 2008). The district

court again reasoned that this Court's "previous ruling [affirming] the trial court's denial of a motion for a mistrial forecloses a claim for ineffective assistance of counsel." *See* R., Vol. I, Dist. Ct. Order, at 1. Further, the district court was not persuaded by Mr. Martinez's equitable tolling argument. The district court therefore denied Mr. Martinez's Objection as well as his application for a COA. We lifted the abatement of his appeal and now consider his COA application.[4]

## II. Standard of Review

We will issue a COA only if Mr. Martinez makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). To make this showing, he must establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Because the district court rejected the § 2255 motion on procedural grounds, Mr. Martinez must demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

[4] Because Mr. Martinez filed a notice of appeal prior to the court's denial of his Rule 59 motion, he was required to file an amended notice of appeal if he wished to challenge the denial of the Rule 59 motion. *See* Fed. R. App. P. 4(a)(4)(B)(ii). Although Mr. Martinez filed a motion to amend his original notice of appeal to include his Objection, he did not file a formal amended notice of appeal from the district court's February 29, 2008, order. He did, however, file his appellate brief within sixty days of that order; therefore, his brief may constitute a notice of appeal from that later order. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992).

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

On appeal, a district court's denial of equitable tolling is reviewed for abuse of discretion. *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007). Therefore we will grant a COA regarding the district court's ruling that Mr. Martinez is not entitled to equitable tolling "only if reasonable jurists could debate whether the court's refusal to toll the statute of limitations was an abuse of discretion." *Id.* at 1254-55; *Gabaldon*, 522 F.3d at 1124.

## III. Discussion

It is not clear that this Court's holding on direct appeal that *the district court* did not abuse its discretion in denying Mr. Martinez's motion for a mistrial can be viewed as "effectively" considering and disposing of Mr. Martinez's claim that *his counsel* was constitutionally ineffective. At least arguably, the legal framework under which we resolved the allegation of district court error would neither be roughly coterminous with, nor fully encompass, the *Strickland* framework under which we would decide Mr. Martinez's ineffective assistance claim. However, we need not definitively reach that issue, as the district court additionally denied Mr. Martinez's ineffective assistance of counsel claim because it found that it was time-barred under 28 U.S.C. § 2255(f).

-6-

Under that provision, a one-year limitation applies to § 2255 motions:

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The district court reasoned that Mr. Martinez's judgment became final the date the United States Supreme Court denied his petition for a writ of certiorari, i.e., November 6, 2006. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Thus, Mr. Martinez had one year from that date to file his § 2255 motion, but the motion was not filed until December 11, 2007—thirty-five days past that deadline. The district court therefore determined Mr. Martinez's motion was untimely.

As noted above, Mr. Martinez asserted in his Objection that the one-year limitation should be equitably tolled because he had pursued his claim diligently and the failure to file within the one-year limitation was due to extraordinary circumstances beyond his control. According to Mr. Martinez, during some of his one-year filing period his correctional institution was on lockdown status due to an inmate riot, and he and hundreds of other inmates were placed into special units without access to a law library. He additionally submitted a signed memorandum from a Yazoo City Federal Correctional Complex ("Yazoo City")

counselor noting that he was housed in a Control Unit from August 21, 2007, until September 26, 2007, and that he was housed in SHU (Special Housing Unit) from September 26, 2007, until October 19, 2007.

The district court was not persuaded by Mr. Martinez's equitable tolling argument, because: (1) neither Mr. Martinez's Objection nor the signed statement from the Yazoo City counselor indicated the length of any lockdown, and "[f]rom the information available on various internet sites, the Yazoo lockdown did not begin until September 29, 2007"; and (2) even assuming that Mr. Martinez was denied access to a law library for reasons beyond his control for approximately two months, "he still has not demonstrated why he was prevented from filing his [§ 2255 motion] in a timely manner." *See* R., Vol. I, Dist. Ct. Order, at 2.

In his application for a COA, Mr. Martinez again challenges the denial of equitable tolling, as he asserts that he was subjected to extraordinary circumstances—specifically, his temporary placement in controlled housing at Yazoo City where he was precluded from access to both the law library and his legal materials.[5]

---

[5] In addition to the materials in the record previously submitted to the district court, Mr. Martinez has submitted to us a signed letter dated March 14, 2008, from a unit manager at Yazoo City, which explains his previous housing situation in greater detail. *See* Letter from Arthur B. Truex, Unit Manager, to Elisabeth Shumaker, Clerk of Court (Attach. to Doc. labeled "Supplemental Brief," filed Apr. 16, 2008). Mr. Martinez did not seek leave to supplement the record with this letter, nor have we granted leave to do so. Generally, "[t]his court will not consider material outside the record before the district court." *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000). And we discern no reason to deviate from that practice in this case. More specifically, although

(continued...)

To be entitled to equitable tolling, a litigant generally must establish two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, __, 127 S. Ct. 1079, 1085 (2007)). Denial of access to legal materials by corrections officials, especially when the filing deadline is fast approaching, can constitute an extraordinary circumstance providing a basis for equitable tolling. *See Gabaldon*, 522 F.3d at 1125-26; *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005); *Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000); *cf. Robinson v. Johnson*, 313 F.3d 128, 143 (3d Cir. 2002) (noting that some courts have considered a deprivation of access to legal materials to be stronger grounds for equitable tolling when the deprivation occurs close to the filing deadline). And in contrast to cases where the petitioner simply is reiterating previously asserted claims and thus the need for legal materials is somewhat less evident, Mr. Martinez arguably presented a wholly distinct new claim of ineffective assistance of trial counsel via his § 2255 motion. *Cf. Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (noting that the fact that the claims petitioner sought to

---

[5](...continued)
the letter does suggest that Mr. Martinez was completely precluded from the law library and his legal materials for a total of 37 days, ultimately it does "remove our doubt concerning," *id.* at 1192, whether Mr. Martinez exercised reasonable diligence (as detailed *infra*) in his efforts to file his § 2255 motion. "Consequently, we conclude the circumstances in this present case do not lead us to believe the interests of justice would best be served by exercising our inherent equitable power to allow Mr. [Martinez] to supplement the record on appeal . . . ." *Id.* at 1193.

raise were similar to those raised in his direct appeal and postconviction

proceedings "undercut[] his argument that lack of access caused his delay");

*accord Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000).

Even assuming that Mr. Martinez's placement in controlled housing for

nearly two months near the end of the one-year deadline constituted an

extraordinary circumstance, however, Mr. Martinez "must also show that he acted

with reasonable diligence, and that the extraordinary circumstances caused his

petition to be untimely." *See Fleming*, 481 F.3d at 1257 (internal quotation marks

omitted). Mr. Martinez's original § 2255 motion offered no excuse for his failure

to comply with the one-year limitation. Beyond the bare assertion in his

Objection that he "has diligently pursued his claim," *see* R., Vol. I, Pet'r.'s

Objections to Mem. & Order, at 2 (filed Feb. 4, 2008), Mr. Martinez has made no

showing to either the district court or this Court that he requested any withheld

materials from prison officials. *Cf. Gabaldon*, 522 F.3d at 1126-27 (concluding

that the prisoner "demonstrated due diligence" in pursuing his claims where he

averred under penalty of perjury that "he made multiple requests [in writing and

orally] that his [legal] documents be returned before the deadline" and also

submitted a similar statement, made under pains of perjury, from "his cellmate

regarding his requests for the return of his documents"); *Espinoza-Matthews*, 432

F.3d at 1027 n.6, 1028 (equitably tolling the statute of limitations where prisoner

made "repeated written and oral requests for his property," especially his legal

documents, but "[f]or nearly 11 months . . . could not obtain his legal papers").

Nor has Mr. Martinez averred that he requested an extension of time to file his

-10-

motion, *see Espinoza-Matthews*, 432 F.3d at 1023, 1027, or otherwise attempted to timely file despite being deprived of access to the law library and unspecified legal materials, *see Valverde*, 224 F.3d at 134 & n.5 ("[R]easonable diligence is also required throughout the remainder of the period between the confiscation [of legal papers] and the filing [of the habeas petition].").

Construing his submissions liberally, as we must, Mr. Martinez "has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." *See Miller*, 141 F.3d at 978; *cf. United States v. Gabaldon*, No. 06-2348, Order at 2 (10th Cir. Sept. 25, 2007) (order granting certificate of appealability) ("Specifically, he asserts the record confirms . . . that he struggled to obtain documents from his attorney, faced complications with receiving packages containing portions of those documents from his mother, and worked diligently on researching and drafting his § 2255 motion to ensure it was persuasive.").

Further, Mr. Martinez has not provided this Court with specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion. *See Miller*, 141 F.3d at 978 (rejecting § 2244(d)(1)(B) claim of impediment to legal materials because of lack of specificity with regard to alleged lack of access); *cf. Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002) ("[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling." (citing *Miller*, 141 F.3d at 978)).

-11-

## IV. Conclusion

This Court, having reviewed Mr. Martinez's application for a COA, the district court's orders, and the entire record on appeal, is not persuaded that jurists of reason would find it debatable whether the district court abused its discretion in ruling that Mr. Martinez is not entitled to equitable tolling, given the demanding applicable legal standard. Mr. Martinez's request for a COA is **DENIED**, and this appeal is **DISMISSED**. Mr. Martinez's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Jerome A. Holmes
Circuit Judge

-12-