**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAWRENCE L. MAYES,

      Petitioner - Appellant,

v.

GREG PROVINCE, Warden,

      Respondent - Appellee.

No. 10-6021
(D.C. No. 5:09-CV-1170-C)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

---

Lawrence L. Mayes pleaded guilty in New Mexico state court to robbery with a dangerous weapon after former conviction of two or more felonies. He was sentenced on July 22, 2005, to 20 years in prison. After failing to file a direct appeal, Mr. Mayes petitioned the Oklahoma courts for post-conviction relief, arguing that his trial counsel was constitutionally ineffective. The state courts rejected his petition on procedural grounds.

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Mayes then turned his efforts to federal court, filing a *pro se* federal habeas petition under 28 U.S.C. § 2254 on October 13, 2009. While he admitted that his petition was filed after the expiration of 28 U.S.C. § 2244's one-year limitations period, Mr. Mayes argued that state-created impediments statutorily tolled the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(B). The district court rejected that argument, dismissed the petition as time-barred, and denied Mr. Mayes's application for a certificate of appealability ("COA").

Mr. Mayes now renews before us his request for a COA in order to appeal the district court's order. We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court dismisses a § 2254 petition on procedural grounds, as it did in this case, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on our independent review of the record in this case, and affording solicitous consideration to Mr. Mayes's *pro se* court filings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we agree with the district court that Mr. Mayes has not met this threshold.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions to vacate a conviction under § 2254 must typically be made within one year from the date on which the conviction became final. 28 U.S.C.

§ 2244(d)(1)(A). Mr. Mayes's judgment and conviction became final on August 1, 2005, when the time period for seeking to withdraw his guilty plea expired. Although the one-year limitations period is tolled during the pendency of a prisoner's state court motion for post-conviction relief, 28 U.S.C. § 2244(d)(2), Mr. Mayes didn't file any such state court motion until May 14, 2009 — almost four years after his conviction became final. R. at 16. Accordingly, Mr. Mayes's § 2254 petition was well outside the one-year limitations period.

Mr. Mayes, for his part, does not dispute this conclusion. R. at 13. Instead, he argues that the State of Oklahoma prevented him from filing a timely federal habeas petition and that we shouldn't start the clock running until after that "impediment" was removed. *See* 28 U.S.C. § 2244(d)(1)(B) (tolling the statute of limitations when an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States . . . prevented [prisoner] from filing" his petition). Specifically, he contends that Oklahoma failed to provide him with "an adequate law library" and "physical access to the prison law library" in violation of the U.S. Constitution. *See* Opening Br. at 2A; *id.* at 3A.

The United States Constitution, however, does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), but rather a "right of *access to the courts*," *id.* at 350.

*Cf. Smith v. Shawnee Library Sys.*, 60 F.3d 317, 323 (7th Cir. 1995) ("There is no 'right to browse' [a prison library]."). In order to establish a violation of the constitutional right of access, an inmate must demonstrate, among other things, how the alleged shortcomings in the prison actually "hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. It follows that, to invoke § 2244(d)(1)(B)'s tolling provision — to show that an "impediment . . . created by State action in violation of the Constitution . . . prevented" the filing of a timely petition — an inmate must explain how the prison's alleged constitutional deficiencies hindered his efforts to pursue his claim within the prescribed statute of limitations. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (denying relief where petitioner "provided no specificity regarding the alleged lack of access" and how it impacted his delay, explaining that "[i]t is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); *Garcia v. Hatch*, 343 F. App'x. 316, 318 (10th Cir. 2009) (unpublished) (same); *Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002) (unpublished) (holding petitioner's claim "insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition" in a timely manner); *cf. United States v. Martinez*, 303 F. App'x 590, 596 (10th Cir. 2008) (unpublished) (refusing equitable tolling because petitioner "has not provided this Court with specific details regarding what restrictions

- 4 -

actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion" in a timely manner).

Mr. Mayes has not attempted such a showing. Instead, he merely complains about the adequacy of the library facilities and arrangements, making no effort to explain how these deficiencies hindered his ability to file a timely post-conviction motion. Indeed, he admits in his filings that he could "submit a written request for legal materials[,] and a prison guard would hand deliver the legal materials to his cell." R. at 13. And it appears that Mr. Mayes filed many other post-conviction motions in the Oklahoma state courts during the period when he was allegedly deprived of the resources necessary to access the judicial system. *See Mayes v. Province*, 353 F. App'x 100, 105 (10th Cir. 2009) (unpublished) (denying COA in response to same argument made by Mr. Mayes when he sought to challenge another, apparently separate and distinct robbery conviction). In these circumstances, although Mr. Mayes's allegations might suggest that additional resources could have been of greater assistance to him, "there is no basis in the record before us to believe that [he] was incapable of filing a timely habeas petition given the resources available." *Garcia*, 343 F. App'x at 319.[1]

---

[1] Mr. Mayes does argue for the first time on appeal that he was denied a copy of AEDPA and thus couldn't have known of the procedural rules he was required to follow. However, we do not normally consider arguments raised for the first time on appeal, and we accordingly decline to pass upon whether such a

(continued...)

Because reasonable jurists could not debate that Mr. Mayes's petition is time-barred, the request for a COA is denied, and this appeal is dismissed. We grant Mr. Mayes's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

---

[1](...continued)
denial would invoke the § 2244(d)(1)(B) exception. *See Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004) (declining to consider challenge to prison library made for first time on appeal).