FILED
United States Court of Appeals
Tenth Circuit

May 26, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILL KILLINGSWORTH,

     Petitioner-Appellant,

v.

GEORGE TAPIA, Warden; GARY K. KING, Attorney General of the State of New Mexico,

     Respondent-Appellee.

No. 10-2169
(D.C. No. 1:09-CV-00845-JB-WDS)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL,** and **LUCERO**, Circuit Judges.

Bill Killingsworth, a state prisoner proceeding pro se, requests a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2254 habeas petition. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we conclude that Killingsworth's habeas petition is time barred, DENY his request for a COA, and DISMISS this appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In 1977, a New Mexico state court sentenced Killingsworth to two consecutive terms of life in prison after a jury convicted him of kidnapping and multiple counts of criminal sexual penetration.  Killingsworth escaped from prison in 1980 and remained a fugitive until he was discovered in 2004 and returned to custody.  On September 1, 2009, Killingsworth filed an application for habeas relief in federal district court, asserting ineffective assistance of counsel and violations of due process, among other things.  The district court ruled, however, that Killingsworth's petition was time barred under the Antiterrorism and Effective Death Penalty Act (AEDPA).  Killingsworth now seeks a COA from this Court.

## DISCUSSION

In order to obtain a COA, a § 2254 petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).   When, as in this case, the district court dismisses a habeas petition on procedural grounds, this standard is satisfied if "the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Because the district court's procedural ruling that Killingsworth's petition was time barred is not reasonably debatable, we must deny Killingsworth's request for a COA.

2

Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). As relevant to the present case, the limitation period begins to run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[.]

Id. § 2244(d)(1)(A)–(B). Killingsworth argues that § 2244(d)(1)(B) applies because prison officials destroyed his legal documents and research after a prison riot in 1980. He claims that he was not able to recover his papers and reconstruct his files until June 2009. This argument fails, however, because Killingsworth "does not allege specific facts that demonstrate how [the] alleged [destruction] of these materials impeded his ability to file a federal habeas petition." Weibley v. Kaiser, 50 F. App'x 399, 403 (10th Cir. 2002) (unpublished); see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (placing the burden on the petitioner to "provide[] . . . specificity regarding the alleged lack of access [to legal materials] and the steps he took to diligently pursue his federal claims"). Therefore, § 2244(d)(1)(B) is inapplicable, and § 2244(d)(1)(A) determines the date on which Killingsworth's one-year period began to run.

Under § 2244(d)(1)(A), the limitation period normally runs from the date on which the state-court judgment became final. But "[w]here a conviction became final

3

before ADEPA took effect, as is the case with [Killingsworth], the one year limitation period for a federal habeas petition starts on AEDPA's effective date, April 24, 1996." Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001). Thus, Killingsworth should have filed his petition by April 24, 1997, yet he failed to seek habeas relief until 2009. Because we find no "extraordinary circumstances beyond [Killingsworth's] control" that would justify equitable tolling of the limitation period, Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), we agree with the district court that Killingsworth's petition is time barred by AEDPA.[1]

## CONCLUSION

For the foregoing reasons, we DENY Killingsworth's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[1] Killingsworth's status as a fugitive between 1980 and 2004 does not provide a basis for equitable tolling. See Rahat v. Higgins, 159 F. App'x 13, 15 (10th Cir. 2005) (unpublished) ("Equitable tolling is inappropriate here, because the reason for the delay stems from [the defendant's] own flight as a fugitive from justice . . . .").