FILED
United States Court of Appeals
Tenth Circuit

April 29, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EDDIE DEWAYNE LEE,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 21-6028
(D.C. No. 5:20-CV-00950-SLP)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Petitioner-Appellant Eddie Lee, an Oklahoma state prisoner proceeding pro se, filed a habeas petition under 28 U.S.C. § 2254 in the Western District of Oklahoma challenging his sentences for (1) murder in the first degree, (2) two counts of burglary in the first degree, (3) two counts of rape in the second degree, (4) two counts of forcible oral sodomy, and (5) robbery with firearms. He pled guilty to these offenses at fifteen years of age and was subsequently sentenced to two life sentences and 20 years of imprisonment, to be served consecutively. The district court dismissed Lee's habeas application as time-barred and denied a certificate of appealability ("COA"). Now, Lee seeks a COA from this court.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

If the district court dismisses a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claims, a COA will issue when the petitioner shows "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" *and* "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The petitioner must satisfy both parts of this threshold inquiry before we will hear the merits of the appeal. *Gibson v. Klinger*, 232 F.3d 799, 802 (10th Cir. 2000).

For the reasons explained below, no reasonable jurist could conclude the district court's procedural ruling was incorrect. Lee's petition is untimely under 28 U.S.C. § 2244(d), and he is not eligible for statutory or equitable tolling. Therefore, exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny his application for a COA and dismiss this appeal.

\* \* \*

A petitioner must generally seek habeas relief within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). That one-year limitation period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). In addition, we may toll the one-year limitation period "in rare and exceptional circumstances." *See Gibson*, 232 F.3d at 808. A habeas petitioner is only entitled to equitable tolling, however, "if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

Here, Lee argues the one-year limitation period should run from the date the Supreme Court decided *Montgomery v. Louisiana*, 577 U.S. 190 (2016), which made the rule announced in *Miller v. Alabama*, 567 U.S. 460 (2012), retroactive on state collateral review. Because Lee's habeas application is untimely even under his argument, we assume without deciding that the one-year limitation period ran from the time *Montgomery* was decided, on January 25, 2016. Under this assumption, Lee must have filed his habeas petition by January 25, 2017. He did not file until February 13, 2018, well after the one-year period expired. Nonetheless, Lee contends his petition is subject to equitable tolling because he was denied access to his legal materials and the law library.

"Equitable tolling is a rare remedy to be applied in unusual circumstances," and the petitioner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179

3

(10th Cir. 2015) (internal citations and quotations omitted). "[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling." *Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002) (unpublished). When a petitioner alleges that prison officials withheld his legal materials, he must provide specific facts to show how the alleged denial of his legal materials impeded his ability to file a federal habeas petition. *Id.*[1]

In this case, Lee submits several articles suggesting the prison he is incarcerated at had multiple lockdowns between 2015 and 2017. He also provides requests for his legal materials dated September 17, 2017; September 20, 2017; September 26, 2017; October 2, 2017; and October 18, 2017. While these exhibits demonstrate some restriction on Lee's ability to access legal research and his legal documents, "[t]emporary absence of [legal materials or law library access] does not automatically warrant equitable tolling." *Winston v. Allbaugh*, 743 F. App'x 257, 259 (10th Cir. 2018) (unpublished). Moreover, prison officials consistently responded to Lee's grievances telling him how to access his legal materials and that legal research would be provided upon request. Even if we assume Lee could not access his legal materials during September and October 2017 (the months during which his requests were filed), this only accounts for two months. Lee's habeas petition

---

[1] We note that Lee's argument that prison officials withheld his legal materials is better analyzed as an impediment under 28 U.S.C. § 2244(d)(1)(B), which provides that the one-year period runs from the date on which the impediment to filing an application created by state action is removed, if the applicant was prevented from filing by such state action. *See Weibley*, 50 F. App'x at 403. But in either event, Lee fails to allege specific facts to demonstrate how the alleged denial of his legal materials impacted his ability to file a federal habeas petition.

was filed approximately thirteen months after the one-year limitation period expired. His allegations do not evince extraordinary circumstances or due diligence. Accordingly, Lee is not entitled to equitable tolling.

* * *

For these reasons, no reasonable jurist could conclude the district court's procedural ruling was incorrect. We therefore deny Lee's application for a COA and dismiss this appeal. We grant Lee's motion to proceed in forma pauperis.

Entered for the Court


Bobby R. Baldock
Circuit Judge