FILED
United States Court of Appeals
Tenth Circuit

November 6, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAWRENCE L. MAYES,

      Petitioner-Appellant,

v.

GREG PROVINCE, Warden,

      Respondent-Appellee.

No. 09-6160

(D.C. No. CV-09-0484-C)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

Lawrence Mayes, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to challenge the district court's denial

of his petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2254.

For the reasons outlined below, we deny Mayes' request for a COA.

I

*Mayes' state court proceedings*

In July of 2005, Mayes was convicted by a jury in the District Court of

Oklahoma County, Oklahoma, of robbery with a firearm, after former conviction

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

of five felonies, and was sentenced, in accordance with the jury's recommendation, to a 45-year term of imprisonment. On September 26, 2006, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Mayes' conviction on direct appeal, but modified Mayes' sentence of imprisonment from 45 to 35 years due to the trial court's failure to instruct the jury regarding Oklahoma's "85% Rule," which requires criminal defendants convicted of certain crimes to serve at least 85% of their sentence of imprisonment before becoming eligible for parole consideration. See Okla. Stat. Ann. tit. 21, § 13.1. Mayes did not seek certiorari review of the OCCA's decision in the United States Supreme Court.

On November 16, 2006, Mayes filed an application for post-conviction relief with the state trial court. The state trial court denied Mayes' application on March 22, 2007. Mayes did not appeal that denial.

On April 16, 2007, Mayes filed with the state trial court a motion to vacate and set aside his sentence. Shortly thereafter, on May 24, 2007, Mayes filed a motion asking that his motion to vacate be dismissed. The state trial court granted Mayes' motion and dismissed the motion to vacate on June 12, 2007.

On August 8, 2007, Mayes filed a second application for post-conviction relief with the state trial court. The state trial court denied that application on August 31, 2007. Mayes did not appeal from the denial.

On October 2, 2007, Mayes initiated an action for mandamus relief in the OCCA. The OCCA denied Mayes' request for mandamus relief on October 17,

2007.

*Mayes' federal habeas action*

Mayes initiated this action on May 6, 2009, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mayes' petition alleged that the state trial court violated his constitutional rights by failing to adequately instruct the jury on Oklahoma's 85% Rule. The petition further alleged that, even though the OCCA properly recognized this error on direct appeal, the remedy it fashioned, i.e., reducing his sentence from 45 to 35 years, was inadequate in that due process requires resentencing by a jury.

On June 15, 2009, the magistrate judge assigned to the case issued a report and recommendation recommending that Mayes' petition be dismissed as untimely. In support of this recommendation, the magistrate judge first concluded that Mayes' "conviction became final for . . . limitations purposes . . . on December 25, 2006, after the time period [for Mayes] to file a petition for *certiorari* [with the United States Supreme Court] expired." App. at 21 (italics in original). In turn, the magistrate judge concluded that the one-year limitations period for filing a § 2254 habeas petition began to run "on December 26, 2006, and expired on December 26, 2007, absent any tolling." Id. The magistrate judge concluded that Mayes' first application for state post-conviction relief "tolled the running of the limitations period for 126 days from November 16, 2006, when [Mayes] filed the application . . . through March 22, 2007, when it was denied,"

3

plus "an additional 30 days from March 22, 2007, to April 23, 2007, during the time when [Mayes] could have, but did not, perfect an appeal from the trial court's order." Id. at 22. Assuming that Mayes' second application for post-conviction was "properly filed," the magistrate judge concluded that "it tolled the limitations period for 23 days while [it] was pending, and an additional 30 days during the pendency of [Mayes'] time to appeal the order denying relief on [that] application." Id. The magistrate judge concluded that Mayes was "not entitled to any statutory tolling as a result of his additional filings," i.e., his motion for a sentence modification and his attempt to obtain a writ of mandamus from the OCCA, "because n[either] constitute[d] a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . [.]'" Id. at 23 (quoting 28 U.S.C. § 2244(d)(2)). Although Mayes "acknowledged that the petition [wa]s untimely and ask[ed] the Court to equitably toll the limitations period because of his *pro se* status and because he lacked 'access to law,'" id. at 24 (italics in original), the magistrate judge concluded that Mayes' "*pro se* status and attendant lack of access to an attorney d[id] not warrant equitable tolling." Id. at 25 (italics in original). Further, the magistrate judge concluded that "[e]ven if [Mayes'] ignorance of the law was a rare and exceptional circumstance to justify equitable tolling of the limitations period," he had failed to demonstrate that he diligently pursued his federal claims because "there [we]re unexplained significant periods of time where [he] made no effort to

4

pursue federal habeas relief." Id. Thus, in sum, even giving Mayes "the benefit of 211 days of statutory tolling to account for the time his first and second post-conviction applications were pending in the trial court and the time he could have appealed the orders denying them," the magistrate judge concluded that Mayes' "deadline to file a § 2254 petition was on or about July 23, 2008," well prior to the date on which he actually filed his petition. Id. at 24.

On June 24, 2009, Mayes filed an objection to the magistrate judge's report and recommendation arguing, in pertinent part, that he was entitled to equitable tolling because he "reasonably pursued every court jurisdiction [he] could to adequately exhaust [his] claim . . . ." Id. at 30. On June 25, 2009, the district court, after considering Mayes' objection, "adopt[ed], in its entirety," the magistrate judge's report and recommendation and dismissed Mayes' petition as untimely. Id. at 33. In doing so, the district court noted that Mayes did "not specifically dispute either the factual recitation or the legal reasoning employed by" the magistrate judge, and instead simply "disagree[d], in a summary fashion, with the ultimate conclusions" reached by the magistrate judge. Id. at 32. The district court entered a judgment of dismissal that same day, June 25, 2009.

On June 29, 2009, Mayes filed an amended set of objections to the magistrate judge's report and recommendation, as well as a motion for leave to file an amended habeas petition. In his amended objections, Mayes asserted that the district court should not dismiss his habeas petition on statute of limitations

5

grounds without providing him "with adequate notice and opportunity to respond." Id. at 35. Mayes also asserted "that equitable tolling should apply because [an unidentified] state-imposed impediment unconstitutionally prevented him from timely filing his habeas petition." Id. at 36. In his motion to amend his petition, Mayes asserted that he "desire[d] to re-characterize his habeas claim to assert that the modification of his sentence to 35 years by the [OCCA] violated due process, because the proper procedure is to remand for resentencing pursuant to 22 O.S. 2001, § 929." Id. at 38. On July 6, 2009, Mayes filed a motion to alter or amend the judgment, again arguing that he "was not afforded the due process right to notice and an opportunity to respond prior to recommendation of dismissal of his habeas petition on statute of limitation grounds." Id. at 50.

On July 8, 2009, the district court issued an order "vacat[ing] its earlier Order and Judgment" on the grounds that Mayes' amended objections "w[ere] filed within the original time limit for objecting to the" magistrate judge's report and recommendation. Id. at 52. In that same order, the district court then considered and rejected on the merits Mayes' amended objections. To begin with, the district court concluded that because the untimeliness of Mayes' petition was "obvious on its face," it was unnecessary for the magistrate judge to give Mayes prior notice. Id. at 53. In any event, the district court concluded, the magistrate judge's report and recommendation "provided notice and [Mayes'] right to object provide[d] him an opportunity to be heard." Id. The district court then rejected

6

Mayes' request for equitable tolling, noting he had "fail[ed] to offer any proof or argument as to the nature of the alleged impediment." Id. at 53-54. Finally, the district court concluded that Mayes' "claim would fail even if it were timely." Id. at 54. More specifically, the district court concluded, citing Carbray v. Champion, 905 F.2d 314, 317-18 (10th Cir. 1990), and Clemons v. Mississippi, 494 U.S. 738, 747 (1990), that the due process right alleged by Mayes to have a jury determine his sentence "does not exist," and thus it was proper for the OCCA to modify his sentence, rather than remanding his case to the trial court for a new sentencing trial. App. at 54. Accordingly, the district court again adopted, in its entirety, the magistrate judge's report and recommendation, dismissed Mayes' petition, and denied both Mayes' motion for leave to file an amended complaint and his motion to alter or amend judgment. Id.

On July 15, 2009, Mayes filed another motion to alter or amend judgment. Mayes argued that "[t]he State's failure to allow [him] physical access to the prison law library while he was confined at McAlester State Penitentiary immediately following his conviction in 2005 thru [sic] December 2008 prevented [him] from discovering AEDPA's one-year limitation and unconstitutionally prevented him from filing his federal habeas petition on time." Id. at 58. Mayes also argued that "the Supreme Court's Clemons decision did not apply to bar relief on [his proposed] amended claim, but rather supported it." Id. at 59.

On July 23, 2009, the district court issued an order denying Mayes' motion

7

to alter or amend judgment. With respect to Mayes' equitable tolling arguments, the district court noted that "[t]he Tenth Circuit ha[d] rejected a similar argument" that ignorance of the applicable one-year limitations period warranted equitable tolling. Id. at 63 (citing Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)). As for Mayes' arguments regarding the merits of his proposed habeas claim, the district court "reconsidered the issue and . . . f[ound] no error in [its] previous decision." Id.

On August 6, 2009, Mayes filed a notice of appeal and a request for COA and leave to proceed on appeal in forma pauperis. On August 12, 2009, the district court denied Mayes' requests for a COA and for leave to proceed in forma pauperis on appeal. Mayes has since renewed both motions with this court.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A); see Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding "that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 of § 2241"). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for

8

that matter, agree that) the petition [or related Rule 60(b) motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must also, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Here, the district court correctly outlined the controlling standards for assessing the timeliness of a petition for writ of habeas corpus pursuant to § 2254. As it noted, Congress has "established a one-year period of limitations for habeas petitions." Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). The one-year limitations period generally starts running from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is, however, tolled by "[t]he time during which a properly filed application for State post conviction . . . review . . . is pending." Id. § 2244(d)(2). Finally, the limitations period may also, in rare circumstances, "be subject to equitable tolling." Miller v. Marr, 141

9

F.3d 976, 978 (10th Cir. 1998). Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

After reviewing the record on appeal, we agree with the district court that Mayes' application for federal habeas relief was filed well past the expiration of the one-year limitations period, and we conclude that no reasonable jurist could find it debatable whether the district court was correct in this regard. Indeed, Mayes concedes that his petition was untimely. We reach the same conclusion with respect to the district court's rejection of Mayes' request for equitable tolling. Although Mayes asserts, as he did below, that the State of Oklahoma impeded him from timely filing his petition by denying him "physical access" to a law library from July 2005 until December 2008, Aplt. Br. at 2, we agree with the district court that this does not equate with a denial "of access to the courts." Lewis v. Casey, 518 U.S. 343, 350 (1996). Moreover, we note that the record unequivocally establishes that Mayes, during the time he was allegedly deprived of physical access to a law library, readily exercised his right of access to the courts by filing numerous post-conviction motions with the state trial court. Finally, with respect to Mayes' assertion that he was unaware of the applicable one-year limitations period, we have repeatedly held that "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing."

10

Marsh, 223 F.3d at 1220 (internal quotation marks and citation omitted).

The request for a COA is DENIED and the matter is DISMISSED.  Mayes' motion to proceed in forma pauperis on appeal is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge