**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN PRUITT,

      Petitioner-Appellant,

v.

DAVID PARKER,

      Respondent-Appellee.

No. 10-7016
(E.D. Okla.)
(D.C. No. 6:09-CV-00341-FHS-KEW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

      John Pruitt, an Oklahoma state inmate proceeding pro se,[1] seeks a

Certificate of Appealability ("COA") so that he may challenge the district court's

denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

---

     [*]     This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1
and 10th Circuit Rule 32.1.

     After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the
determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case therefore is ordered submitted without oral argument.

     [1]     Because Mr. Pruitt is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van
Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we conclude that Mr. Pruitt has failed to make a substantial showing of the denial of a constitutional right. Accordingly, we **DENY** his request for a COA and **DISMISS** this matter.

## I. Background

After a jury trial, Mr. Pruitt was convicted in Oklahoma state court of child sexual abuse based on the abuse of his minor daughter. He was sentenced to life imprisonment and ordered to pay a $5000 fine. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Mr. Pruitt's conviction on direct appeal; he did not seek state post-conviction relief. On July 15, 2009, Mr. Pruitt filed a federal habeas petition.[2] Although some of Mr. Pruitt's claims had not been exhausted in state court, the district court nevertheless addressed them and denied the petition on its merits pursuant to 28 U.S.C. § 2254(b)(2). After Mr. Pruitt filed a Notice of Appeal, the district court denied Mr. Pruitt a COA, "conclud[ing] [that] petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2)" and "find[ing] that petitioner has not demonstrated that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." R., Vol. I, at 261 (Order & Op. Denying Certificate of Appealability, dated Apr. 5, 2010) (internal

---

[2] Mr. Pruitt filed his petition in the United States District Court for the Western District of Oklahoma, but it was thereafter transferred to the United States District Court for the Eastern District of Oklahoma.

quotation marks omitted) (third alteration in original). The district court thereafter granted Mr. Pruitt permission to proceed on appeal *in forma pauperis*.

## II. Discussion

Reading Mr. Pruitt's application for a COA liberally in light of his pro se status, he appears to seek a COA for the following issues: (1) the alleged ineffectiveness of trial counsel in failing to investigate and object to the testimony of Carolyn Ridling, a Sexual Assault Nurse Examiner ("SANE"), who later was found to have a suspended nursing license at the time she examined the victim and testified at trial; (2) the OCCA's failure to grant him a new trial based on that newly discovered evidence relating to Ms. Ridling's lack of licensure, which Mr. Pruitt claims violated his due process right to a fair trial; (3) the alleged ineffectiveness of trial counsel in failing to challenge the length of his sentence; (4) the erroneous admission of the victim's grandmother's allegedly biased testimony; (5) the alleged ineffectiveness of appellate counsel concerning the motion for a new trial; and (6) the alleged misconduct by prosecutors in using perjurious testimony in closing argument—presumably that of Ms. Ridling.

Mr. Pruitt must seek a COA to proceed further because, without a COA, we lack jurisdiction to consider the merits of a habeas appeal. 28 U.S.C. § 2253(c)(1)(A). We may issue a COA only if "the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). To make such a showing, Mr. Pruitt must demonstrate "that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *accord Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009). In determining whether to grant a COA, we do not engage in a "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El*, 537 U.S. at 336. Rather, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each claim. *Id.* at 338. Although an applicant is not required to demonstrate that his appeal will succeed, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (internal quotation marks omitted).

Moreover, because the OCCA addressed the merits of one of Mr. Pruitt's claims, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA, we may grant an application for a writ of habeas corpus on behalf of a person in state custody on a claim that was adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

Having thoroughly reviewed the record on appeal, we conclude that Mr. Pruitt is not entitled to a COA on any of the issues that he seeks to pursue on appeal. As a threshold matter, four of Mr. Pruitt's claims are raised for the first time on appeal—*viz.*, the alleged ineffectiveness of trial counsel in failing to challenge the length of his sentence; the erroneous admission of the victim's grandmother's allegedly biased testimony; the alleged ineffectiveness of appellate counsel concerning the motion for a new trial; and alleged prosecutorial misconduct in using perjurious testimony in closing argument. We will not consider issues raised on appeal that were not raised before the district court as part of the habeas petition,[3] *see Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999), and so will turn instead to Mr. Pruitt's remaining claims that were included in his habeas petition.

Mr. Pruitt first seeks a COA to challenge the alleged ineffectiveness of trial counsel in failing to investigate and object to the testimony of Carolyn Ridling. As the OCCA found,

---

[3] Additionally, to the extent that Mr. Pruitt's challenge to the victim's grandmother's testimony may be characterized as a challenge to the state court's evidentiary ruling, we will not provide habeas relief on that basis unless that evidentiary ruling rendered the trial so fundamentally unfair that it resulted in a denial of his constitutional rights. *See Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002). Mr. Pruitt has not claimed that the state court's admission of her testimony deprived him of any constitutional rights.

> Ridling was called to testify that the absence of physical
> evidence in a forensic exam is not unusual in child sexual
> abuse cases, particularly under the circumstances of this case.
> Ridling testified that she was a registered and licensed SANE
> nurse in Texas and Oklahoma.  After the trial, appellate
> counsel discovered that Ridling's nursing licenses in Texas
> and Oklahoma had lapsed in 2004, before the time of either the
> exam or her trial testimony.  Ridling also testified that she was
> in fact working as a SANE nurse (licensed or not) and
> performing routine examinations at the time she did the exam
> in this case, and Pruitt does not challenge this evidence.

R., Vol. I, at 53.  Mr. Pruitt contends that Ms. Ridling should not have testified as an expert witness because she was not properly licensed.  He contends that her testimony was prejudicial to him because expert testimony is "highly influential and containing [sic] great weight with juries."  Aplt. Opening Br. at 6.  He further argues that "[a] strategic attack on Ridling could of [sic] mounted an attack on other corroborating witnesses."  *Id.*  Finally, Mr. Pruitt challenges Ms. Ridling's ability to examine the victim without a current license—he states that Ms. Ridling's examination of the victim without a license "[wa]s just plain WRONG!"  Aplt. Appl. for Certificate of Appealability at 6.

Mr. Pruitt's ineffective-assistance-of-counsel claim is unexhausted because it was not raised before the OCCA on direct appeal and Mr. Pruitt did not seek state post-conviction relief.  However, in addressing Mr. Pruitt's ineffective-assistance argument, the district court recognized that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C.

-6-

§ 2254(b)(2); *accord Hoxsie v. Kerby*, 108 F.3d 1239, 1242–43 (10th Cir. 1997).

Therefore, the court announced its intention to "address the claim on the merits"

and denied it.[4]  R., Vol. I, at 256.  We believe that reasonable jurists could not

debate the correctness of the district court's conclusion.

Under *Strickland v. Washington*, counsel provides ineffective assistance

when his representation does not meet "an objective standard of reasonableness,"

466 U.S. 668, 688 (1984), and "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been

different," *id.* at 694.  "A reasonable probability is a probability sufficient to

undermine confidence in the outcome."  *Id.*  Even if we assume arguendo that

trial counsel's failure to investigate Ms. Ridling or to object to her testimony was

objectively unreasonable, we conclude that Mr. Pruitt has failed to demonstrate

that the alleged "deficient performance prejudiced the defense, depriving him of a

---

[4]     The district court's analysis of this claim is far from pellucid.  In its
order, the court does not reference the controlling ineffective-assistance standard
of *Strickland v. Washington*, 466 U.S. 668 (1984).  Further, in the section of its
order—which, based upon the heading, should be devoted to the discussion of Mr.
Pruitt's ineffective-assistance claim—the court discusses, in virtually the same
breath, not only Mr. Pruitt's ineffective-assistance claim, but also his entirely
distinct claim that he was entitled to a new trial based upon the newly discovered
evidence related to Ms. Ridling's lack of licensure (a claim that we address *infra*).
We need not dwell on these analytic deficiencies of the district court's order,
however.  The district court purported to reach the merits of Mr. Pruitt's
ineffective-assistance claim (and, in effect, did so), rather than dismissing it on
exhaustion grounds.  And, as explicated *infra*, we are confident that reasonable
jurists could not debate the correctness of the court's *ultimate resolution* of this
claim—that is, its decision to deny it.

fair proceeding with a reliable result." *Gonzales v. Tafoya*, 515 F.3d 1097, 1122 (10th Cir. 2008). The district court rejected Mr. Pruitt's contention that there was not sufficient evidence to support his conviction, a claim for which he has not sought a COA. Viewing the evidence in the light most favorable to the prosecution, the district court held that the OCCA's determination that there was sufficient evidence to support Mr. Pruitt's conviction was consistent with federal law. Our review of the record leads us to a similar conclusion. The evidence against Mr. Pruitt—which included the victim's own testimony and that of her mother—was of such strength that he has failed to demonstrate a sufficient probability that the outcome of his trial would have been different but for counsel's alleged errors relating to Ms. Ridling's testimony. We therefore deny a COA on this claim.

Mr. Pruitt also seeks a COA to challenge the district court's rejection of his claim that he was entitled to a new trial based on newly discovered evidence. He argues that the OCCA's denial of his motion for a new trial violated his due process rights. Under Oklahoma law, the OCCA will not grant relief on a motion for a new trial based on newly discovered evidence unless, *inter alia*, a defendant

was prejudiced by its omission and consequently deprived of a fair trial.[5]  The

OCCA denied Mr. Pruitt's motion for a new trial, holding that

> [t]he issue is not whether Ridling's evidence at trial was
> material, but whether her lapsed licenses were material to the
> issues before the jury. . . .  In any case, had these facts
> [regarding her lapsed license] been presented to the jury they
> would have gone to the weight of Ridling's testimony, not its
> admissibility. . . .  While Ridling's testimony helped the
> State's case, the State relied for the conviction on the victim's
> testimony that Pruitt sexually abused her over a period of time.
> This testimony would have been unaffected by the new
> evidence about Ridling's qualifications.  Pruitt cannot show
> that the newly discovered evidence is either material or would
> have changed the trial's outcome, and the motion should be
> denied.

R., Vol. I, at 54.

The district court held that the OCCA's determination was not contrary to

or an unreasonable application of federal law.  We agree.  Even if we were to

disregard Ms. Ridling's testimony entirely, there was sufficient evidence to

support Mr. Pruitt's conviction.  In particular, there is no indication that the

newly discovered Ridling evidence created a reasonable probability that the

outcome of the trial would have been different had that evidence been introduced.

*Cf. United States v. Redcorn*, 528 F.3d 727, 745 (10th Cir. 2008) (in the context

---

[5]  *See Sellers v. State*, 973 P.2d 894, 895 n.12 (Okla. Crim. App. 1999)
(in denying motion for a new trial due to newly discovered evidence, stating that
"[a] defendant must show that the evidence is (1) material, (2) could not with due
diligence have been discovered before trial, (3) is not cumulative, and (4) creates
a reasonable probability that the outcome of the trial would have been different
had it been introduced.").

of a federal trial, holding that "the district court was not unreasonable to conclude" that the newly discovered evidence "could [not] possibly be considered so significant as to probably produce an acquittal" (internal quotation marks omitted)). Reasonable jurists would not debate whether the district court appropriately resolved this claim, and Mr. Pruitt has cited to no federal law supposedly contrary to the OCCA's determination. Accordingly, he is not entitled to a COA on this claim.

For the reasons discussed above, Mr. Pruitt has failed to make a substantial showing of the denial of a constitutional right. We therefore **DENY** his application for a COA and **DISMISS** this matter.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge