**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAWRENCE L. MAYES,

      Petitioner - Appellant,

v.

JANET DOWLING, Warden,

      Respondent - Appellee.

No. 18-5120
(D.C. No. 4:18-CV-00296-GKF-FHM)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.

---

Petitioner-Appellant Lawrence L. Mayes, a prisoner in state custody proceeding

pro se, seeks a certificate of appealability ("COA") to appeal the denial of his petition for

a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition").[1]  He also requests leave

---

[*]      This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]      We construe pro se pleadings liberally.  *See Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013).  However, we "will not supply additional factual allegations . . . or construct a legal theory" on a pro se litigant's behalf.  *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

We also note that Mr. Mayes has filed numerous prior actions in this court, and he

to proceed *in forma pauperis* ("IFP") on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we deny Mr. Mayes's request for a COA and dismiss this proceeding. We also deny Mr. Mayes's IFP motion.

**I**

In 2005, Mr. Mayes was convicted of committing robbery with a firearm after "former conviction of five felonies" and sentenced to forty-five years' imprisonment. *Mayes v. Province*, 353 F. App'x 100, 101 (10th Cir. 2009) (unpublished). His conviction was affirmed on direct appeal, though his sentence was reduced to thirty-five years' imprisonment. *Id.* In the intervening years, Mr. Mayes unsuccessfully challenged his conviction on grounds not now relevant.

Mr. Mayes filed this Petition in June 2018. He alleged the denial of his "due process right to have earned credits deducted from his sentence after service of [ten] years" in accordance with Title 21, § 801 of the Oklahoma Statutes. R. at 5–7 (Pet., filed June 4, 2018). Section 801 generally criminalizes and sets a sentencing range for robbery and attempted robbery with a dangerous weapon. *See* OKLA. STAT. tit. 21, § 801. It also imposes further penalties and restrictions on a person "guilty of three separate and distinct felonies[] in violation of this section": relevantly, "[t]he sentence imposed upon such person shall not be reduced to less than ten (10) calendar years, nor suspended, nor shall

_____

is subject to a filing restriction preventing him from raising certain challenges to his conviction and the sentence imposed upon him. *See* Order, No. 16-6329, at *2–3 (10th Cir., filed Nov. 18, 2016). The instant Petition concerns the *execution* of his sentence and thus falls outside of this restriction.

2

any person be eligible for probation or parole *or receive any deduction from his sentence for good conduct until he shall have served ten (10) calendar years of such sentence*." *Id.* (emphasis added).

According to Mr. Mayes, the warden concluded, in light of a different section of Title 21 of the Oklahoma Statutes, § 13.1, that he is "not entitled to a deduction of his earned credits . . . until he serve[s] [85%] of his sentence." R. at 11; *see also id.* at 21 (Grievance Decision, dated Dec. 7, 2016) (stating that offenders subject to § 13.1 may *earn* credit prior to their "85% date" but that it will not be *applied* until that date; observing that Mr. Mayes's "85% date" for his longest sentence would be reached in January 2034). Section 13.1 states that persons convicted of certain crimes, including robbery with a dangerous weapon under § 801, "shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole." OKLA. STAT. tit. 21, § 13.1. Additionally, such persons "shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed."[2] *Id.*

---

[2]  Mr. Mayes accepts an interpretation of § 13.1 that would cause it to prevent credits from being applied prior to a defendant's "85% date." *See* R. at 72 (Am. Resp., dated Aug. 28, 2018) (accepting this reading); Aplt.'s Opening Br. & COA Mot. at 7 (continuous pagination) (noting that the warden "was correct that [Mr. Mayes] was restricted also by [§ 13.1] from having his earned credits deducted from his sentence until he serves 85% of his sentence"). We also note that, although certain exhibits to the Petition arguably raise exhaustion issues, the district court denied the Petition on the merits, and that is also the clearest path forward here. *See United States v. Eccleston*, 521

3

Mr. Mayes argued that the warden's decision was in error and, under § 801, he had actually become "eligible to have his earned credits deducted from his sentence" in November 2015, ten years after he began serving his sentence. *See* R. at 11. He also contended that his sentence had been "ex post facto changed" by the warden's refusal to "deduct [his] earned credits from his sentence." *Id.* at 11–12.

The district court ordered Mr. Mayes to show cause why the Petition should not be dismissed for failure to raise a federal claim because § 801 "does not mandate an award of earned credits" but "merely prevents repeat offenders from earning credits during the first ten years in prison." *Id.* at 54–55 (Op. & Order, dated Aug. 3, 2018); *see also Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) (ruling that a state can create a federally protected liberty interest in sentence credits). The district court also reviewed state law "[i]n an effort to be thorough" and agreed with the warden that state law entitles Mr. Mayes to *earn* credits before serving 85% of his sentence but prevents them from being *applied* until he has served 85% of his sentence. R. at 54–55.

Mr. Mayes responded. He argued that Title 57, § 138(A) of the Oklahoma Statutes "mandates" that his earned credits be deducted from his sentence "in accordance with [§ 801]." *Id.* at 72 (Am. Resp., dated Aug. 28, 2018). This provision states in relevant part that, "[e]xcept as otherwise provided by law, every inmate of a state correctional institution shall have their term of imprisonment reduced monthly, based upon the class

F.3d 1249, 1253 (10th Cir. 2008) (opting to deny § 2241 petition concerning execution of sentence on the merits rather than on exhaustion grounds).

level to which they are assigned." OKLA. STAT. tit. 57, § 138(A). It further provides that "[e]arned credits may be subtracted from the total credits accumulated by an inmate, upon recommendation of the institution's disciplinary committee, following due process, and upon approval of the warden or superintendent." *Id.*

Mr. Mayes recognized that § 13.1 "provides that [his] earned credits cannot be deducted from his sentence . . . until [he] has served [85%] of the sentence imposed," but argued that the rule of lenity required the scheme "most favorable to [him]" to apply, i.e., that § 138(A) and § 801 must apply, not § 13.1. R. at 72. He also argued that ruling otherwise would constitute an "ex post facto change[]" invalidating his sentence. *Id.*

The district court dismissed the Petition and denied a COA. After summarizing its earlier analysis, the district court rejected the rule-of-lenity argument because the statutes were "unambiguous and harmonious." *Id.* at 77–78 (Op. & Order, dated Nov. 15, 2018). That is, § 801 "creates a limitation on earned credits, not an entitlement"; § 138(A) applies except as "otherwise provided by law"; and § 13.1 is "precisely such a law." *Id.* at 78. The district court then rejected the ex-post-facto argument on temporal grounds, concluding that § 13.1's application was not retrospective because § 13.1 was enacted in 1999 and Mr. Mayes was sentenced in 2005.

The district court entered judgment on November 15, 2018, and Mr. Mayes timely appealed. Mr. Mayes sought the district court's leave to appeal IFP, but that request was denied for failure to show indigence.

**II**

5

## A

In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011); *see also Stanko v. Davis*, 617 F.3d 1262, 1268 (10th Cir. 2010); *Magar v. Parker*, 490 F.3d 816, 817–18 (10th Cir. 2007) (Gorsuch, J.) (reviewing § 2241 petition concerning loss of sentencing credits). Like a 28 U.S.C. § 2254 petitioner challenging the *validity* of a state conviction or sentence, a § 2241 petitioner in state custody seeking review of a final order in his § 2241 proceeding must obtain a COA. *See Dulworth v. Jones*, 496 F.3d 1133, 1136 (10th Cir. 2007) ("[W]e conclude that [the prisoner, a state inmate,] must obtain a COA to appeal the district court's denial of his motion for costs in this § 2241 action."), *abrogated in part on other grounds by Harbison v. Bell*, 556 U.S. 180 (2009); *accord Magar*, 490 F.3d at 818 (reviewing request for COA to appeal denial of § 2241 petition and applying same standard that would apply in § 2254 proceeding); *Montez v. McKinna*, 208 F.3d 862, 868 (10th Cir. 2000) (rejecting argument that COA requirement did not apply to state prisoner's § 2241 appeal because he complained not about the "fact of detention" but instead about the execution of his sentence); *see also* 28 U.S.C. § 2253(c)(1)(A) (requiring COA where "the detention complained of arises out of process issued by a State court"); *Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012) (discussing the "'clear' jurisdictional language" in § 2253(c)(1)).

This court may issue a COA only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To make such

a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In addition to requesting a COA, Mr. Mayes moves to proceed IFP. To obtain IFP status, he must comply with filing requirements, demonstrate a financial inability to pay required fees, and demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)).

**B**

We have reviewed Mr. Mayes's combined opening brief and COA motion. We have also reviewed the record, including the filings described *supra*. Based upon our review, the district court's reasoning and conclusions are sound. Mr. Mayes has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and no reasonable jurist could debate whether the district court properly denied the Petition. *See Harris*, 642 F.3d at 906. We will not duplicate the district court's analysis here but, for clarity and completeness, we address one of Mr. Mayes's contentions in greater detail.

Particularly, Mr. Mayes argues that the district court misunderstood his argument. Aplt.'s Opening Br. & COA Mot. at 6 (continuous pagination). That is, the district court

observed that § 801 does not "mandate an award of earned credits," but Mr. Mayes "was not complaining that [§ 801] created an entitlement to earned credits." *Id.* "[R]ather, [he] was complaining that because he had served the [ten] year restriction imposed by [§ 801], he was eligible to have his earned credits deducted from his sentence." *Id.* In his view, the statutes on which he relies *do* mandate that any earned credits "be deducted from his sentence after the [ten] year restriction imposed by [§ 801] expires." *Id.*

We reject this argument. The statement to which Mr. Mayes objects was included in the district court's order to show cause, R. at 54, and repeated in the portion of the district court's dismissal order describing the history of the case, *id.* at 77. However, the portion of the district court's dismissal order analyzing § 801 stated that this provision "creates a limitation on earned credits, not an entitlement," in the course of ruling that the statutes at issue could be read in harmony to render Mr. Mayes currently ineligible for the *deduction of* any earned credits. *Id.* at 78. The court's reasoning evinces an accurate comprehension of Mr. Mayes's claim as he characterizes it—i.e., that "because he had served the [ten] year restriction imposed by [§ 801], he was eligible to have his earned credits *deducted from* his sentence"—and is entirely responsive to it. Aplt.'s Opening Br. & COA Mot. at 6 (continuous pagination) (emphasis added).

We also note that the district court's Ex Post Facto Clause analysis seemed to focus mistakenly on Mr. Mayes's sentencing date, not the date of his crimes. R. at 78; *see Weaver v. Graham*, 450 U.S. 24, 28 (1981) (stating that Ex Post Facto Clause forbids enactment of a law "which imposes a punishment for an act which was not punishable at

8

the time it was *committed*; or imposes additional punishment to that *then prescribed*"

(emphases added) (quoting *Cummings v. Missouri*, 71 U.S. 277, 325–326 (1867)));

*United States v. Waseta*, 647 F.3d 980, 988 (10th Cir. 2011) (opining, in Fifth

Amendment due-process context, that "the central focus of the due process analysis is . . .

on what the defendant could have realistically imagined that a hypothetical sentencing

court *could do* under the law at the time he committed the crime").  However, be that as it

may, Mr. Mayes has not satisfied the COA standard as to the district court's "*ultimate*

*resolution* of []his claim—that is, its decision to deny it."  *Pruitt v. Parker*, 388 F. App'x

841, 845 n.4 (10th Cir. 2010) (unpublished); *see United States v. Pinson*, 584 F.3d 972,

975–76 (10th Cir. 2009) (noting that the panel "cannot embrace the district court's

reasoning," but nevertheless concluding that petitioner failed to meet the standard for

issuance of a COA); *see also Sue v. Kline*, 662 F. App'x 604, 611 n.9 (10th Cir. 2016)

(unpublished) ("Suffice it to say, we decline to follow the particulars of the district

court's analysis here.  It is the district court's ultimate resolution of [the prisoner's]

habeas petition that is our focus.") (collecting cases).  In this regard, we note that Mr.

Mayes has not shown that his crime was committed before § 13.1's effective date, and it

is his burden to do so to obtain a COA on this issue.  *See, e.g.*, *Pinson*, 584 F.3d at 976

(noting movant's failure to "carry his burden" of satisfying COA standard).

Mr. Mayes is not entitled to a COA, and this proceeding must be dismissed.

## C

We turn briefly to Mr. Mayes's IFP motion.  Therein, he asserts that the district

9

court erroneously denied IFP status because it misread his prison trust account statement. IFP Mot. at 2.

We need not grapple with this issue because Mr. Mayes fails to make a reasoned, nonfrivolous argument on the law and facts in support of the issues he raises. *Watkins*, 543 F.3d at 627. The district court rejected Mr. Mayes's arguments on straightforward textual grounds with which no reasonable jurist could disagree. He simply reasserts the same grounds on appeal, coupled with an untenable claim that the district court misapprehended his argument. Mr. Mayes is not entitled to IFP status.

### III

For the foregoing reasons, we deny Mr. Mayes's request for a COA and dismiss this matter. We also deny Mr. Mayes's motion to proceed IFP in this court.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge