**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS JOHN BEYLIK, SR.,

     Petitioner-Appellant,

v.

STATE OF COLORADO; ASSOCIATE
WARDEN MASINGAIL; JOHN
SUTHERS, The Attorney General of the
State of Colorado,

     Respondents-Appellees.

No. 10-1001

(D.C. No. 1:09-CV-02712-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge**, TACHA** and **O'BRIEN**, Circuit Judges.

     Thomas Beylik, a Colorado state prisoner proceeding pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his petition for writ of habeas corpus seeking relief pursuant to 28 U.S.C. § 2254. Because Beylik has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

---

    [*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

In April 2005, Beylik pled guilty in Colorado state court to sexual assault on a child, and was sentenced to a prison term of three years to life, with the possibility of an indeterminate period of parole of from ten years to life. Beylik did not file a direct appeal.

In December 2008, Beylik, appearing pro se, initiated a 28 U.S.C. § 2254 action in federal district court challenging the validity of his guilty plea. That action was subsequently dismissed as time-barred under 28 U.S.C. § 2244(d). Beylik v. Leyba, et al., No. 08-cv-02785-BNB (D. Colo. May 15, 2009). Beylik did not appeal that dismissal.

Approximately six months later, on November 18, 2009, Beylik initiated this action by filing a pro se application for writ of habeas corpus pursuant to § 2254. Beylik's application alleged, in pertinent part, that his trial counsel coerced him to plead guilty and that the sentence imposed by the state trial court was illegal. On December 15, 2009, the district court dismissed the action for lack of jurisdiction. In doing so, the district court concluded that, in light of its previous dismissal of Beylik's first § 2254 action, the instant action was an unauthorized second or successive petition for relief. Further, because it concluded the claims alleged by Beylik in the instant action were in any event time-barred, the district court declined to transfer the action to this court under 28 U.S.C. § 1631.

Judgment in the case was entered on December 15, 2009. Beylik has since filed a

timely notice of appeal and a request for COA.

## II

The granting of a COA is a jurisdictional prerequisite to Beylik's appeal from the denial of his § 2254 action. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To establish his entitlement to a COA, Beylik must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a district court denies a § 2254 action on procedural grounds, a COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

After reviewing Beylik's appellate pleadings and the record on appeal, we conclude Beylik has failed to establish his entitlement to a COA. Indeed, Beylik's appellate pleadings do not address at all the district court's determination that the instant § 2254 action was an unauthorized second or successive petition. And, in any event, we are not persuaded that jurists of reason would find debatable the district court's characterization of the instant action as an unauthorized second or successive petition for federal habeas relief pursuant to § 2254, or its conclusion that the action is barred under the one-year statute of limitations applicable to § 2254 petitions. See 28 U.S.C. § 2244(d)(1).

Beylik's request for a COA is DENIED, all pending motions are DENIED, and the matter is dismissed.

Entered for the Court


Mary Beck Briscoe
Chief Judge