**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CHIP J.W. TEAGUE,

     Defendant - Appellant.

No. 16-7056
(D.C. No. 6:99-CR-00079-FHS-1)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Chip Teague seeks a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255 motion. We deny a COA. Because the district court lacked jurisdiction over Teague's motion, we vacate and remand to the district court with instructions to dismiss.

**I**

Teague was convicted on numerous drug and gun charges in 2000. We affirmed his convictions on direct appeal. See United States v. Teague, 12 F. App'x 759 (10th Cir. 2001) (unpublished). Teague filed a § 2255 motion in 2001, which was denied. We rejected Teague's request for a COA.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Teague filed a second § 2255 motion in April 2016, claiming that his conviction and sentence are unconstitutional in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The district court denied the motion for failure to comply with a local procedural rule and did not issue a COA. Teague now seeks a COA from this court.

**II**

When a district court denies a § 2255 motion on procedural grounds, a movant may obtain a COA only if he shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We conclude that Teague has not shown he has a debatably valid claim. "[A] second or successive § 2255 motion cannot be filed in district court without approval by a panel of this court." United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); see also § 2255(h) (requiring authorization). Accordingly, a "district court does not even have jurisdiction to deny the relief sought in" a second or successive motion. Nelson, 465 F.3d at 1148. Because Teague filed his motion without authorization from this court, the district court lacked jurisdiction.

But we may construe an appeal from the denial of a second or successive motion as an application to file such a motion. See Spitznas v. Boone, 464 F.3d 1213, 1219 n.8 (10th Cir. 2006). A second or successive habeas motion will be authorized if it is based on "a new rule of constitutional law, made retroactive to

2

cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h). Teague claims that his sentence is unconstitutional under Johnson, which held that the residual clause of the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. 135 S. Ct. at 2557 (interpreting 18 U.S.C. § 924(e)(2)(B)(ii)). This rule was made retroactive to cases on collateral review in Welch v. United States, 136 S. Ct. 1257 (2016).

Teague states that he was sentenced under 18 U.S.C. § 924(c) for using or carrying a firearm during and in relation to a crime of violence. A portion of the definition of "crime of violence" contained in 18 U.S.C. § 924(c)(3)(B) is similar to ACCA's residual clause. However, Teague was actually convicted of possessing a firearm during and in relation to a drug trafficking crime under § 924(c)—not a "crime of violence." Accordingly, even if Johnson extends to § 924(c), Teague's sentence is unaffected and he is not entitled to authorization.

## III

We **DENY** a COA, **VACATE** the district court's denial of Teague's § 2255 motion, and **REMAND** to the district court with instructions to dismiss for lack of jurisdiction.

Entered for the Court

Carlos F. Lucero
Circuit Judge

3