**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TIMOTHY LEE PITT,

      Defendant-Appellant.

No. 16-8078
(D.C. No. 1:16-CV-00173-SWS
& No. 2:13-CR-00217-SWS-1)
(D. Wyo.)

_____

**ORDER DENYING A CERTIFICATE OF**
**APPEALABILITY**
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Mr. Timothy Lee Pitt was convicted of federal drug offenses, including the use of a firearm during and in relation to a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). For this crime, Mr. Pitt obtained a mandatory sentence enhancement of 60 months. Following sentencing, Mr. Pitt moved to vacate his 60-month sentence enhancement, invoking 28 U.S.C. § 2255.

The district court denied this motion, and Mr. Pitt wants to appeal. To do so, he seeks a certificate of appealability and leave to proceed in forma pauperis. We decline to issue a certificate of appealability, dismiss the appeal, and deny leave to proceed in forma pauperis.

To obtain a certificate of appealability, Mr. Pitt must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). Mr. Pitt would meet this standard only if "jurists of reason could disagree with the district court's resolution of his constitutional claims or . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In his motion, Mr. Pitt argues that 18 U.S.C. § 924(c)(1)(A) is void for vagueness under *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness. *Id.* at __, 135 S. Ct. at 2563.

Mr. Pitt's sentence enhancement was based on the use of a firearm during a drug trafficking offense under 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) provides a mandatory sentence enhancement for the use of a firearm in relation to any "crime of violence" or "drug trafficking crime." But Mr. Pitt's sentence enhancement was based on a "drug trafficking crime," not a "crime of violence," so *Johnson* does not apply. *See United States v. Teague*, No. 16-7056, __ F. App'x __, 2016 WL 4400069, at *1-2 (10th Cir. Aug. 17, 2016) (unpublished) (denying a certificate of appealability because *Johnson* did not affect the sentence enhancement under 18 U.S.C. § 924(c) for possessing a weapon during and in relation to

2

a "drug trafficking crime").[1] Because *Johnson* does not apply, jurists could not reasonably debate the correctness of the district court's disposition. In these circumstances, we decline to issue a certificate of appealability and dismiss the appeal. In light of the absence of a reasonably debatable appeal point, we also deny leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(3); *Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] *Teague* is persuasive, but not precedential.