**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLIE M. MILTON, JR.,

Petitioner - Appellant,

v.

JOE ALLBAUGH,

Respondent - Appellee.

No. 17-6130
(D.C. No. 5:16-CV-01469-F)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.

In this appeal, pro se[1] Petitioner-Appellant Charlie M. Milton, Jr., a state prisoner, seeks a certificate of appealability ("COA") in order to challenge the district court's denial of the habeas petition he brought under 28 U.S.C. § 2254.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10TH CIR. R. 32.1.

[1] Because Mr. Milton appears in these proceedings without counsel, we construe his pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but stop short of acting as his advocate, *see United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

He also seeks to proceed *in forma pauperis*. Exercising jurisdiction under 28 U.S.C. § 1291, and for the reasons that follow, we **deny** Mr. Milton's request for a COA, **dismiss** the matter, and **deny** his application to proceed *in forma pauperis*.

## I

Mr. Milton was charged in state court in Oklahoma County, Oklahoma with four drug-related crimes: trafficking in cocaine base; trafficking in cocaine; possession of drug proceeds; and possession of marijuana, a controlled substance. On January 24, 2014, Mr. Milton pleaded guilty to two counts of possession of a controlled substance with intent to distribute, and to the possession of drug proceeds and marijuana charges. He was then sentenced to a term of thirty years' imprisonment on the first count, ten years' imprisonment on the second, and a five year term and fine for the final two charges. Mr. Milton claimed in his habeas petition that his sentences are set to run concurrently. Mr. Milton did not seek to withdraw his plea or file an appeal and his conviction became final ten days later, on February 3, 2014. On November 5, 2014, Mr. Milton filed a "Motion to Amend Information on all Counts with A[n] Amend J/S Its been Newly Discovered" ("Motion to Amend"). Dist. Ct. Doc. 10, Ex. 5, at 1 (Br. in Supp. of Mot. to Dismiss Time Barred Pet., filed Mar. 1, 2017). An Oklahoma court denied this motion on March 2, 2015. Mr. Milton filed the habeas petition that forms the basis of this case on December 23, 2016. *See* R. at 5 (Pet. for Writ

2

of Habeas Corpus under 28 U.S.C. § 2254, dated Dec. 23, 2016).

Mr. Milton's habeas petition asks the court "[t]o modify the 30-year sentence to a 10[-]year sentence or vacate my sentence." *Id.* at 18. It asserts five grounds justifying relief: (1) ineffective assistance of counsel; (2) "an illegal statute"; (3) "time barred"; (4) "the merits of the case"; and (5) double jeopardy. *Id.* at 7. The Oklahoma Attorney General filed a motion to dismiss Mr. Milton's habeas petition as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244. The district court granted this motion, adopting the magistrate judge's recommendation. The district court also denied Mr. Milton a COA. *See* R. at 134 (Dist. Ct. Order, dated Apr. 25, 2017). Mr. Milton now appeals, seeking a COA to challenge the dismissal of his habeas petition.

## II

A prisoner may not appeal the denial of relief under § 2254 without a COA. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Beylik v. Colorado*, 377 F. App'x 796, 797 (10th Cir. 2010) (unpublished) ("The granting of a COA is a jurisdictional prerequisite to [a prisoner's] appeal from the denial of his § 2254 action."). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El*, 537 U.S. at 349–50; *Dockins v. Hines*, 374 F.3d 935, 936 (10th Cir. 2004). Where, as here, the district court denies a habeas petition on procedural

grounds such as untimeliness, the applicant faces a "double hurdle." *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). "Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## III

Mr. Milton argues that he is entitled to both statutory and equitable tolling of AEDPA's limitations period. However, neither form of tolling is appropriate here.

## A

AEDPA imposes a one-year statute of limitations on filing a § 2254 habeas petition. 28 U.S.C. § 2244(d)(1). This limitations period ordinarily begins running from the date on which the judgment against the state prisoner became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *accord Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012) ("The most common date that starts the [AEDPA limitations period] clock is" the date on which the state-court judgment became final). AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

4

limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The first question that we must address is whether Mr. Milton's Motion to Amend qualifies under § 2244(d)(2) for statutory tolling of the one-year limitations period. The district court found that it did not, and for the reasons explained below, we conclude that reasonable jurists would not find this decision debatable.

Our decision in *Woodward* is instructive. In *Woodward*, a state prisoner had filed a motion to allow for DNA testing less than a year before his conviction became final. *See* 693 F.3d at 1291. The state courts never ruled on this motion, and eleven years later, the prisoner filed a habeas petition in federal court. *Id.* We held that this petition was untimely under AEDPA, notwithstanding the unresolved DNA testing motion. *Id.* at 1292. We determined that the DNA testing motion was not really one for "collateral review" of the prisoner's conviction or sentence, as required for statutory tolling under § 2244(d)(2). *Id.* at 1293; *see* 28 U.S.C. § 2244(d)(2) (statutory tolling takes place during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment").

We noted that "'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Woodward*, 693 F.3d at 1293 (quoting *Wall v. Kholi*, 562 U.S. 545, 553 (2011)). The DNA testing motion "did not call for a judicial reexamination of the

5

judgment imposing [Mr. Woodward's] sentence," because it merely "asked that DNA testing be done on hair samples preserved in [Mr. Woodward's] case and that the results be provided to him." *Id.* Significantly, we observed that the motion "contained no request that his conviction or sentence be reexamined." *Id.*

In the present case, Mr. Milton's Motion to Amend states in its entirety:

> Now on this Nov 1, day of 2014 this matter comes before the Judge on a Motion to Amend the Information Becauce its been Newly Discoved. That under Terms of Imprisonment Count (2) 30 year to do. Count (3) 10 year to do. Count (4) Fines Only

Dist. Ct. Doc. 10, Ex. 5, at 1(typographical errors in original); *accord* R. at 120 (R. & R., dated Mar. 31, 2017). Mr. Milton also purported to append to his motion a "Summary [of] Opinion" of an Oklahoma state court decision; he asked the court to consider it but offered no explanation regarding the significance of the decision. *Id.* at 2. Like *Woodward*, Mr. Milton's motion "contained no request that his conviction or sentence be reexamined," 693 F.3d at 1293, and there was no basis from the text of the motion to reasonably infer such a request, much less what the contours of the request would be.

The magistrate judge found in his recommendation—which the district court adopted—that the Motion to Amend failed, in any cognizable fashion, to "call for a judicial reexamination of the judgment" against Mr. Milton. *Id.* at 1293. As such, the Motion to Amend did not seek collateral review of Mr. Milton's sentence, and the statutory tolling of § 2244(d)(2) was never triggered.

6

We conclude that reasonable jurists would not debate the correctness of this determination.

**B**

Mr. Milton also suggests that he is eligible for equitable tolling, arguing that he is incarcerated at a facility that does not have "an adequate law library." Aplt.'s Br. at 7. However, we do not believe that reasonable jurists would debate the district court's decision to reject this contention.

Equitable tolling is "a rare remedy" successfully invoked only "in unusual circumstances," and is "to be applied sparingly." *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (first quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007), then quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). Specifically, we have previously held that lack of access to relevant case law is not enough, standing by itself, to justify equitable tolling of AEDPA's limitations period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (noting that "a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling"); *see also Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002) (unpublished) ("[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling."). Notably, Mr. Milton does not point to anything beyond lack of access to a law library that would warrant equitable tolling. Accordingly, reasonable jurists could not debate the correctness of the district court's decision to reject Mr. Milton's request for

7

equitable tolling.

**IV**

Finally, we address Mr. Milton's request to proceed *in forma pauperis* in his appeal. Because he has not shown "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)), we deny his application to proceed *in forma pauperis* and direct him to make full and immediate payment of the outstanding appellate filing fee. *See also United States v. Pitt*, 672 F. App'x 885, 886 (10th Cir. 2017) (unpublished) (denying a motion to proceed *in forma pauperis*, because the COA applicant had not demonstrated "a reasonably debatable appeal point").

**V**

Based on the foregoing, we **DENY** Mr. Milton's request for a COA, **DISMISS** the matter, and **DENY** his application to proceed *in forma pauperis*.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

8